UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Eric Lorenzo Moultrie, | ) C/A No. 4:09-1892-MBS-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Horry County Jail Sheriffs Ofc.; Honorable Phillip Thompson, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Eric Lorenzo Moultrie (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the J. Reuben Long Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the Horry County Jail Sheriffs Ofc. and Honorable Phillip Thompson, the Sheriff of Horry County, as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4ᵗʰ Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4ᵗʰ Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5ᵗʰ Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff arrived at the "Horry County Detention Center" on February 8, 2009. Plaintiff was placed in a "4 man cell," which contained eight inmates. Four of the inmates, including Plaintiff, were required to sleep on the floor. Plaintiff indicates he remained on the floor for approximately one month. (Complaint, page 3).

Plaintiff further claims that the detention center has no library or law books available to detainees. Plaintiff attempted to get "legal copies" from his Public Defender, but has been told the Public Defender Offices have insufficient funds to provide such material. (Complaint, page 3).

Finally, Plaintiff states that, on July 12, 2009, he was assaulted by another detainee. At that time, Plaintiff was assigned to a two man cell in the maximum security unit. Officers brought a third inmate to the cell and Plaintiff was escorted, in handcuffs, by a detention center employee to the recreation area. When Plaintiff returned to the cell, still handcuffed, the detention center officer opened Plaintiff's cell door and the "new room mate" punched Plaintiff two times in the chest, causing Plaintiff to fall backwards. Plaintiff claims the detainee who attacked him had a murder charge and "shouldn't of been housed with [the Plaintiff]." (Complaint, page 4).

Plaintiff seeks injunctive relief and monetary damages for the Defendants' actions.

Discussion

Plaintiff files this instant action pursuant to 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). See also 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As an initial matter, Plaintiff names one Defendant, Horry County Jail Sheriffs Ofc., which is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991). Because the Horry County Jail Sheriffs Ofc. is not a "person" subject to suit under § 1983, this Defendant is entitled to summary dismissal from the action.

Plaintiff also names the Honorable Phillip Thompson, Sheriff of Horry County, as a Defendant in this action. While Defendant Thompson is a state official amenable to suit under §

1983, Plaintiff's complaint contains no allegations of any personal or direct involvement by Defendant Thompson in the events giving rise to this claim. In order to assert a viable section 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985)*; Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). Further, a plaintiff, seeking to hold a government official personally liable in his or her individual capacity, must show that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166; *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). As Plaintiff provides no facts to indicate that Defendant Thompson was personally involved in the alleged deprivation of Plaintiff's rights, any individual capacity claim the Plaintiff may be alleging against this Defendant is subject to summary dismissal.

However, Plaintiff also claims that the "Horry County Jail" is run by the Sheriff. (Complaint, page 2). Thus, it appears Plaintiff may be attempting to sue Defendant Thompson in this Defendant's supervisory capacity over the detention center. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). In the present action, Plaintiff provides no facts to indicate that Defendant Thompson was actually or constructively aware of any risk of constitutional injury to the Plaintiff or that Defendant Thompson was deliberately indifferent

to any such risk. As such, Plaintiff's claims against Defendant Thompson in his supervisory capacity are also subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

September 16, 2009
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).