IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Lorenzo Moultrie, | ) | |
| | ) | C/A No. 4:09-1892-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Horry County Jail Sheriffs Ofc; | ) | |
| Honorable Phillip Thompson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Eric Lorenzo Moultrie is a pretrial detainee currently housed at J. Reuben Long

Detention Center in York, South Carolina. On July 20, 2009, Plaintiff, appearing *pro se*, filed the

within action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated

in various respects.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge

reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A, and

the Prison Litigation Reform Act. The Magistrate Judge filed a Report and Recommendation on

September 18, 2009. Plaintiff filed objections to the Report and Recommendation on October 2,

2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or

in part, the recommendation made by the Magistrate Judge or may recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## I. DISCUSSION

The facts are discussed in the Report and Recommendation. Briefly, Plaintiff contends that (1) he has been subjected to unconstitutional conditions of confinement because he was placed in a four-man cell occupied by eight people; (2) he is denied access to the courts because he has no access to legal materials; and (3) Defendants failed to protect him on July 12, 2009 when he was punched by another inmate.

In reviewing the allegations of the complaint, the Magistrate Judge first noted that Defendant Horry County Jail Sheriffs Ofc. should be dismissed because it is not amenable to suit under § 1983. See Allison v. Calif. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (noting that state agencies are not "persons" acting under color of state law). The Magistrate Judge next determined that Defendant Thompson should be dismissed because the complaint contains no allegations of personal or direct involvement by Defendant Thompson, or facts to indicate that Defendant Thompson was actually or constructively aware of constitutional injury to Plaintiff. Accordingly, the Magistrate Judge recommended the complaint be summarily dismissed without prejudice for failure to state a claim upon which relief may be granted.

In his objections, Plaintiff asserts that "Officer Eastridge" failed to protect him on July 12, 2009, the date Plaintiff allegedly was punched by another inmate. In addition, Plaintiff contends that Defendant Thompson is aware of the problems at J. Reuben Long Detention Center "because I and other inmates have written Sheriff Phillip Thompson" and "Sheriff Phillip Thompson is the overseer

of this jail[.]" Entry 14, 3.

It appears that Plaintiff may wish to amend his complaint to add Officer Eastridge as a Defendant, and to add allegations to the effect that Defendant Thompson may be held liable in his supervisory capacity based upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). The court grants leave to Plaintiff to amend his complaint within twenty (20) days of the date of entry of this order. Plaintiff is cautioned that his failure to amend his complaint will result in dismissal of the within actions for the reasons stated by the Magistrate Judge.

Plaintiff filed no objection to the Magistrate Judge's recommendation that Defendant Horry County Jail Sheriffs Ofc. be summarily dismissed. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## II. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge as to Defendant Horry County Jail Sheriffs Ofc. Accordingly, this Defendant is is summarily dismissed, without prejudice and without issuance and service of process. The court declines to adopt the Report and Recommendation of the Magistrate Judge as to Defendant Thompson at this time. Plaintiff is granted leave to amend his complaint within twenty (20) days of the date of entry of this order. Plaintiff's failure to amend his complaint will result in summary

3

dismissal of the within action.  The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 16, 2009.