UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERIC LORENZO MOULTRIE, ) | Civil Action No.: 4:09-cv-1892-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| HONORABLE PHILIP THOMPSON ) | |
| and OFFICER EASTRIDGE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint and Amended Complaint a pre-trial detainee housed at J. Reuben Long Detention Center. Plaintiff raises claims under 42 U.S.C. § 1983, complaining of overcrowding, denial of access to a law library and failure to protect against violence from another inmate.

Presently before the Court is Defendants' Motion for Summary Judgment (Document # 48). Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the motion being granted. Plaintiff filed a Response (Document # 52) and several supplemental Responses (Documents # 59, 63, 65).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.     FACTS AND FACTUAL ALLEGATIONS

Plaintiff alleges that on February 9, 2009, he was placed in a four-man cell with 7 or 8 other inmates and he was one of the inmates that had to sleep on the floor until March 3, 2009. He alleges that he filed a grievance on February 9, 2009, but never received a response. See Complaint and Amended Complaint.

Plaintiff further alleges that on February 9, 2009, he asked an officer if they had a law library and he was told no. He also alleges that he filed a grievance the same day regarding the denial of access to a law library, but has not received a response. Id.

Plaintiff also alleges that on July 12, 2009, he was placed in a two-man, maximum security cell with one other inmate. Another inmate, Bilal Harris was later placed in the same cell. Later that day, upon returning to his cell from his recreational time, Plaintiff was placed back in the cell in handcuffs by Defendant Officer Eastridge while inmate Harris was unrestrained. Plaintiff alleges that inmate Harris punched him in the chest three times while Officer Eastridge watched. Officer Eastridge took Plaintiff to the sally port while inmate Harris was moved to another cell. Id.

Plaintiff alleges that Defendant Thompson is liable for these events because, as sheriff of Horry County, he is responsible for what occurs at the J. Reuben Long Detention Center. He further alleges that Thompson is aware of the alleged "denials and transgressions," but has done nothing to rectify them. See Amended Complaint.

Plaintiff submits an Incident Report completed by Officer Eastridge regarding the assault by inmate Harris. Incident Report dated July 12, 2009 (attached as an exhibit to Plaintiff's Supplemental Response (Document # 63)). In the Incident Report, Officer Eastridge states, "while attempting to put inmate Moultrie back in his cell, inmate Harris punched inmate Moultrie twice in

the abdomen while inmate Moultrie was cuffed. Code Red called." Id. In the section labeled "Injuries" Officer Eastridge indicates "None." Id.

Defendants submit the Affidavit of Major Joey Johnson, Deputy Director of the J. Reuben Long Detention Center. Johnson Aff. ¶ 1 (attached as an exhibit to Defendants' Motion for Summary Judgment). Johnson avers that when the detention center becomes crowded and some inmates are forced to sleep on the floor, those inmates are provided with the same type of mattresses that are used on the bunks. Id. at ¶ 2. Inmates are also provided with cleaning supplies to disinfect their cells to prevent unsanitary conditions. Id.

Major Johnson further avers that there is no record that Plaintiff informed any detention center personnel that he was threatened by or fearful of another inmate. Id. at ¶ 3. There is also no record that Plaintiff sought any medical treatment as a result of Plaintiff being assaulted by a new roommate. Id.

Major Johnson confirms that, as a county facility, the J. Reuben Long Detention Center does not maintain a law library or legal resources for inmates. Id. at ¶ 4. He avers that Plaintiff, a pretrial detainee, was represented by counsel on his criminal charges at all time relevant to the allegations in the Complaint. Id.

Major Johnson further avers that no records exist showing that Plaintiff filed any grievances regarding the conditions of his confinement or the alleged assault by inmate Harris. Id. at ¶¶ 3, 5.

### III.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  DISCUSSION

### A.   42 U.S.C. § 1983 Generally

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### B.   Legal Analysis Applicable to Pretrial Detainees

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651, 671-72 (1977):

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions ... the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.
>
> A pretrial detainee may not be punished. An inmate serving a custodial sentence may be

punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Id. at 538.

### C.     Failure to Exhaust Administrative Remedies

Defendants have pleaded the affirmative defense of failure to comply with the Prison Litigation Reform Act's ("PLRA") exhaustion requirement and have moved for summary judgment on that basis, among others. The PLRA requires that a prisoner[1] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. § 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States

---

[1] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here. See Bunch v. Nash, 2009 WL 329884, at 4, n. 2 (D.S.C. February 10, 2009); Tate v. Anderson, 2007 WL 28982 at 4 (D.S.C. January 3, 2007).

-6-

Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.2001) (exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.2001) (exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

Plaintiff alleges in his Complaint and Amended Complaint that he filed grievances regarding the overcrowded conditions of his cell and his denial of access to legal materials. He also asserts in an Affidavit that he filed a grievance regarding the alleged assault by inmate Harris. See Plaitniff Aff. ¶ 5 (attached to Plaintiff's Response (Document # 52) to Motion for Summary Judgment). However, Plaintiff has not produced copies of these grievances and Major Johnson avers that the J. Reuben Long Detention Center has no record of any grievances being filed. It appears that Plaintiff has failed to exhaust his administrative remedies. Thus, it is recommended that summary judgment be granted for failure to exhaust his administrative remedies.

In the alternative, it is recommended that summary judgment be granted on the merits of Plaintiff's claims, as discussed below.

### D.     Eleventh Amendment Immunity

Defendants contend that Plaintiff's § 1983 claims against them for money damages are barred

pursuant to their Eleventh Amendment Immunity.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.[2]

In the case of Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

---

[2] In Response to Defendant's Motion for Summary Judgment, Plaintiff states that he only seeks monetary relief. Thus, the court assumes that Plaintiff does not wish to pursue any request for injunctive relief. However, even if he does, any claim for injunctive relief is moot because Plaintiff is no longer incarcerated at the J. Reuben Long Detention Center. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the conditions about which he complained. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir.1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir.1983).

There is no dispute that Defendants Thompson and Eastridge in their official capacities are entitled to Eleventh Amendment Immunity as to Plaintiff's claims for monetary damages. However, Plaintiff's claims against these Defendants in their individual capacities are not barred by Eleventh Amendment Immunity.

### E.     Conditions of Confinement

Plaintiff also complains of the conditions of his confinement, claiming that he was subjected to cruel and unusual punishment by being placed in a four-person cell with seven or eight other inmates and forced to sleep on the floor for approximately one month. Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Bell, 441 U.S. at 535 n. 16. To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.) (citing Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)), as amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

However, due process also requires the State to provide pretrial detainees with some minimal level of food, living space, and medical care, and "the failure to provide that level of necessities violates due process-even though the conditions imposed serve some ordinarily legitimate state objective." Hamm v. Dekalb Co., 774 F.2d 1567, 1573 (11th Cir.1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993), cert. denied, 510 U.S.949 (1993)). Further, the plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381.

The J. Reuben Long Detention Center may have in fact had an excess of inmates during the relevant time period, but that does not mean Plaintiff's constitutional rights were violated. It is "well established that 'double or triple celling of inmates is not per se unconstitutional.'" Hause v. Harris, 2008 WL 216651 (D.S.C. January 23, 2008) (citing Mathias v. Simpkins, 2007 WL 1577336 at *2 (W.D.Va. May 31, 2007)). Plaintiff has failed to show that Defendants actually knew of and disregarded a substantial risk of serious injury to him, see Coclough v. Major, 2008 WL 1744556 (D.S.C. April 10, 2008) (citing Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir.2004)), that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants, Strickler, 989 F.2d at 1379, or that Defendants had an express intent to punish him. Hill, 979 F.2d at 991. Therefore, no viable § 1983 claim has been presented and summary judgment is appropriate on this claim. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985) (finding no viable claim where pretrial detainee temporarily had to sleep on a mattress on the floor because such conditions do not necessarily rise to the level of a constitutional violation).

**F.     Access to Courts**

Plaintiff alleges that his constitutional right to access the courts was violated by the lack of a law library at the J. Reuben Long Detention Center. Plaintiff's allegations do not raise a cognizable claim under § 1983. The United States Court of Appeals for the Fourth Circuit has ruled that a local jail is not constitutionally required to maintain a law library to comply with the right to access the courts. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987). The holding in Magee is based on the understanding that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" Id. It is undisputed that Plaintiff was represented by counsel on his pending criminal charges at all times relevant to the allegations in the Complaint.

Further, the United States Supreme Court has held that an inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Plaintiff has not alleged that he suffered any injury as a result of his lack of access to legal materials. Accordingly, Plaintiff's claim for denial of access to courts is without merit and summary judgment is appropriate.

**G.     Failure to Protect**

Plaintiff alleges that Defendant Eastridge failed to protect him from the alleged assault by Harris. The Supreme Court recognized that punishment prohibited by the Constitution does not result from negligence on the part of prison officials. The Supreme Court stated this principle and

-11-

established the appropriate standard in <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986):

> [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety ... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.

The issue is whether an inmate who has suffered injury has alleged and offered evidence that the prison officials "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm...." <u>Ruefly v. Landon</u>, 825 F.2d 792 (4th Cir.1987). The Supreme Court has defined "deliberate indifference" in the context of the liability of physical injury to an inmate. In analyzing case law, the Court concluded that deliberate indifference must be something more than mere negligence, but less than purposeful or knowing conduct. The Court held that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Supreme Court defined "deliberate indifference" in <u>Farmer</u>. The Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. (Emphasis added). This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaws cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

The obduracy and wantonness standard applies to prison officials in supervisory positions as well as to guards and corrections officers who deal with inmates directly. Thus, a supervisor must know of a specific risk or be aware of a pervasive risk of harm and act "wantonly, obdurately, or with deliberate indifference to that specific or pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991).

Plaintiff has failed to present any evidence that either Defendant Eastridge or Thompson wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm. There is no evidence in the record that Defendants were aware of any potential harm to Plaintiff from inmate Harris and, as stated above, even if Defendant Eastridge acted negligently in response to the alleged altercation, a showing of mere negligence will not meet the deliberate indifference standard. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Neither the Fourteenth Amendment Due Process Clause, Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), nor Eighth Amendment, Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir.1991) is violated by negligent failure to protect inmates from violence.

Furthermore, not every injury suffered by one inmate at the hands of another inmate translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As averred by Major Johnson, no record exists showing that Plaintiff sought any medical attention as a result of the assault by inmate Harris. Also, the incident report completed by Officer Eastridge following the assault indicates that Plaintiff suffered no injuries. Plaintiff asserts that the physical injury he suffered was minor, but he suffered a "major mental injury do [sic] to an assault while in handcuffs and shackles."

Supplemental Response to Motion for Summary Judgment (Document # 59). Plaintiff has presented no evidence to support his claim of a major mental injury. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. Strickler v. Waters, 989 F.2d 1375, 1379(4th Cir. 1993), cert. denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). Plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381. Plaintiff has failed to meet this burden. Accordingly, summary judgment is appropriate on this claim as well.

### H.     Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also

promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." <u>Wilson</u>, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." <u>Porterfield v. Lott</u>, 156 F.3d 563, 567 (4th Cir.1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, assuming <u>arguendo</u> that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In <u>Maciariello v. Sumner</u>, 973 F.2d 295 (4th Cir.1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

<u>Maciariello</u>, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of these Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the Court were to find that Plaintiff has established some theory of liability upon the part of these Defendants, and therefore, the existence of a constitutional deprivation, these Defendants are still entitled to qualified immunity. The record before the Court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the

discretionary exercise of their respective professional judgments. Thus, to the extent the district finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 48) be granted, and this case be dismissed in its entirety.

                                                     s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
                                                    United States Magistrate Judge

January 5, 2011
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**