IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Lorenzo Moultire, | ) | Civil Action No. 4:09-cv-1892-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Honorable Phillip Thompson and Officer Eastridge, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff filed this *pro se* 1983 action alleging that Defendants violated his civil rights. The Magistrate Judge recommended granting summary judgment in favor of Defendants. (Dkt. No. 71). Plaintiff has objected to the Magistrate Judge's Report and Recommendation ("R&R"). As shown herein, this Court has reviewed the Record *de novo*, considered Plaintiff's objections, and agrees with the Magistrate's report and adopts it as the order of this Court.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

As addressed in the R&R, there are legal barriers to Plaintiff's clams. Plaintiff has not exhausted his administrative remedies. Nothing in the Record indicates he has done so beyond his conclusory allegations. Therefore, his claims fail on this Record.

Moreover, even if Plaintiff had complied with the administrative mechanics, his claims are without merit. To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir.) (citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)), as amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Here, Plaintiff has failed to show that Defendants actually knew of and disregarded a substantial risk of serious injury to him, *see Coclough v. Major*, 2008 WL 1744556 (D.S.C. April 10, 2008) (citing *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir.2004)), that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants, *Strickler*, 989 F.2d 1375, 1379 (4th Cir. 1993), cert. denied, 510 U.S.949 (1993), or that Defendants had an express intent to punish him.

*Hill*, 979 F.2d at 991. Therefore, no viable § 1983 claim has been presented and summary judgment is appropriate on this claim. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (finding no viable claim where pretrial detainee temporarily had to sleep on a mattress on the floor because such conditions do not necessarily rise to the level of a constitutional violation).

In addition, Plaintiff alleges that his constitutional right to access the courts was violated by the lack of a law library at the J. Reuben Long Detention Center. Plaintiff's allegations do not raise a cognizable claim under § 1983. The United States Court of Appeals for the Fourth Circuit has ruled that a local jail is not constitutionally required to maintain a law library to comply with the right to access the courts. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987). The holding in *Magee* is based on the understanding that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.* Further, it is undisputed that Plaintiff was represented by counsel on his pending criminal charges at all times relevant to the allegations in the Complaint. Thus, Plaintiff can demonstrate no actual injury and Defendants' are entitled to summary judgment.

Next, Plaintiff claims the officers failed to protect him from harm from another inmate. The issue boils down to whether an inmate who has suffered injury has alleged and offered evidence that the prison officials "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792 (4th Cir.1987). Plaintiff has failed to present any evidence that Defendants wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm. There is no

evidence in the record that Defendants were aware of any potential harm to Plaintiff from the other inmate.

## Conclusion

Accordingly, this Court grants summary judgment in favor of the Defendants. (Dkt. No. 48).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 24, 2011
Charleston, South Carolina